Miao v. Holder

BIA
Hom, IJ
A088 792 840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand thirteen.

PRESENT:
      RICHARD C. WESLEY,
      GERARD E. LYNCH,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

LIN-HUANG MIAO, AKA LIN MAU,
      *Petitioner,*

      v.                     12-1825
                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Troy Nader Moslemi, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Principal Deputy Assistant Attorney General; William C. Peachey, Assistant Director; Daniel E. Goldman, Senior Litigation

**Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin-Huang Miao, a native and citizen of China, seeks review of an April 13, 2012, order of the BIA, affirming a September 30, 2009, decision of Immigration Judge ("IJ") Sandy Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin-Huang Miao*, No. A088 792 840 (B.I.A. Apr. 13, 2012), *aff'g* No. A088 792 840 (Immig. Ct. N.Y. City Sept. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision. *Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Miao not credible, the IJ reasonably relied on the inconsistency between her testimony that she had been pregnant and had a forced abortion in China and her medical records in the United States showing that her 2009 pregnancy with her son was her first pregnancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(per curiam). Although Miao argues that the IJ should have interpreted one particular notation in her records as evidence of a prior pregnancy, the IJ explicitly noted multiple references to her 2009 pregnancy as her first. Miao did not explain these other notations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's

explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so).

Furthermore, the agency did not err in finding that Miao failed to provide sufficient corroboration of her pregnancy or abortion in China, as the IJ identified specific documents that might have corroborated her claim and reasonably found that she had not attempted to obtain them or adequately explained their absence. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011)(per curiam)*; Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). In light of the agency's properly supported adverse credibility and corroboration findings, it did not err in denying Miao's applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4